Weldon, J.,
delivered the opinion of the court:
The subject-matter of this claim was referred to this court by the Postmaster-G-eueral under the Act of March 3, 1883 22 Stat. L., (ch. 116, p. 485).
The facts disclosed by the findings are: That in the year 1861 the decedent was a mail contractor, having agreed with the United States to transport the mail on route No. *151 from Mobile, Ala., to New Orleans, La., for a period of four years, commencing on the 1st day of July, 1858, and ending on the 30th of June, 1862.
On the 24th of May, 1861, the Postmaster-General discontinued the service and annulled the contract. The petition is filed to recover from the United States the sum of $3,041.66, that being one month’s pay, computing according to the terms of compensation provided for by the agreement. Upon the discontinuance of the service and cancellation of the contract, the decedent wrote to the Department, as shown by the finding, to which the Department replied, as is shown by said finding.
It is insisted by the counsel for the defendants that the fifth finding shows a presentation of the matter on the part of the decedent in the year 1861, and a rejection of it by the Department so as to bring the case within the decisions of this court, as to the power of the head of a Department to review and con- ^ sider a claim determined and rejected by his piedecessor.
The doctrine of res judicata as being applicable to the jurisdiction of the head of a Department is fully recognized by this court in several adjudications. (Lavalette's Case, 1 C. Cls. R., 149; Jackson’s Case, 19 id., 504; The State of Illinois v. United States, 20 id., 342.) The doctrine of these decisions is found in the case of the United States v. Bank of Metropolis (15, Pet., 401), and also in the report of the Judiciary Committee of the Senate, June 14, 187.
*265 If the facts, as shown by the record, bring the case at bar within the law of those eases, then the contention of the Government is well founded and the petition should be dismissed. It is not pretended that any mistake was made arising from errors of calculation, or that any new and substantial element of fact is now presented that was not known to the Department at the time. The correspondence set forth in the fifth finding took place between the decedent and the Department, bat the claimant assumes the piosition that there has been no adjudication by the Postmaster-General which in legal effect prevents the allowance by the incumbent officer of the claim made by the petition.
A very serious question might have arisen as to the claimant’s right of recovery, upon the merits of the claim, as a legal liability against the United States, but for the decision of the Supreme Court in the case of Reeside v. The United States (8 Wall., 38).
By the terms of the contract the Postmaster-General had the right to “ curtail or discontinue the service, in whole or in part, he allowing oue month’s extra pay on the amount dispensed with.” The right of discontinuance was a right secured to the Department without reference to any reason or necessity for the same, and the measure of damages to the contractor because of such discontinuance was fixed by the terms of the contract. Historically it is known to' the court the reason of such discontinuance, and the inability of the decedent to perform the service of a mail contractor on the route naméd in the petition on the 2áth of May, 1861; but the condition of the parties is immaterial in the light of the law announced in the Beeside Case.
The only question to be determined is, whether there has been such an adjudication as constitutes in law a decision of the Department making the claim an adjudged matter in such Department. Do the facts bring the case within the reason and spirit of the administrative law established and recognized by the decisions ? There were no rules prescribed by the Department defining the manner in which claims should be presented, nor any prescribed formula in which the decisions of the Department were preserved in the form of judgments and decisions; and we are left to determine from the substance and force of acts of the parties whether the matter has been settled *266 by a bead of a Department so as to prevent an investigation by bis successor.
Tbe findings show that tbe decedent, on tbe 10th of July, 1861, wrote to the Postmaster-General, “Are we not entitled by our contract to tbe thirty days’ pay additional after notice is given to annul tbe service by tbe Department ? ” This seems to be a mere inquiry as to tbe right of the party under tbe contract in consequence of tbe discontinuance of tbe mail service.
To that inquiry-tbe Department replied “that tbe Postmaster-General declines to allow one month’s extra pay on tbe order of discontinuance. * * * In no instance has this been allowed in tbe order of tbe discontinuance in tbe seceded States.” It might be inferred from tbe phraseology of tbe answer that-for, tbe time being it had become the policy of tbe Government not to allow for discontinuance in the Southern States, where the service was discontinued because of tbe disturbed condition of tbe country; but it does not appear that other decisions were made - establishing a policy ou tbe part of the Government in relation to discontinued mails in the seceded States. It does not appear that tbe decedent, either in person or by agent, was ever beard before tbe Department in defense of bis claim, or that any investigation was ever made, or decision announced, except tbe letter of tbe Department in answer to tbe inquiry as to whether tbe contractor was not entitled to one month’s pay.
While we have no disposition to qualify or restrict the doctrine of what we have heretofore decided in cases like the one at bar, we have no disposition to extend it so as to include transactions.not falling clearly within tbe law of those cases.
It is the opinion of the court that the findings do not show an adjudication of the claim by the Postmaster-General in 1861 so as to remove it from the jurisdiction and control of the Department at this time ; and there being no law to answer to the claim on its merits, it is tbe conclusion of tbe court that the claimant is entitled to be paid the sum of $3,041.66. The clerk will certify to the Post-Office Department a copy of the findings of fact, the conclusion of law, and the opinion of the court.